UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE ANGELONE,<br><br>Plaintiff,<br><br>- vs -<br><br>XEROX CORPORATION,<br><br>Defendant. | **ANSWER**<br><br>Civil Action No.<br>09-CV-6019-CJS |

Defendant Xerox Corporation ("Xerox"), by and through its attorneys, Nixon Peabody LLP, for its Answer to the separately numbered paragraphs of the Complaint ("Complaint"), states as follows:

### RESPONSE TO JURY TRIAL DEMAND

In response to the first unnumbered paragraph of the Complaint, admits that Plaintiff purports to demand a trial by jury, but denies that she is entitled to such relief.

### RESPONSE TO PRELIMINARY INTRODUCTION

1. Admits that Plaintiff purports in paragraph 1 of the Complaint to bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*, as amended, and the New York State Human Rights Law, Executive Law § 290 *et seq.*, but denies the remaining allegations and denies that Plaintiff is entitled to any relief pursuant to these statutes.

### RESPONSE TO JURISDICTION AND VENUE

2. Admits that in paragraph 2 of the Complaint, Plaintiff purports to invoke jurisdiction for her claims pursuant to 28 U.S.C. §§ 1331 and 1334, 42 U.S.C. § 2000(e), 29 U.S.C. § 1331, 29 U.S.C. §§ 206 and 216, and, with respect to her claims under state law, 28 U.S.C. § 1367, but neither admits nor denies the allegations, because they are legal conclusions to which a response is not required.

12446677.1

3. Admits that in paragraph 3 of the Complaint, Plaintiff purports to assert that venue is proper pursuant to 28 U.S.C. § 1391, and neither admits nor denies the allegations, because they are legal conclusions to which a response is not required.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiff's affidavit in support of her Equal Employment Opportunity Commission ("EEOC") charge bears a stamp dated March 31, 2008; admits that Plaintiff's affidavit in support of her amended EEOC charge bears a stamp dated September 23, 2008; admits that Xerox received from the EEOC a Notice of Right to Sue dated October 17, 2008; and refers to the foregoing documents for their content.

5. Admits that in paragraph 5 of the Complaint, Plaintiff purports to reserve her right to amend her Complaint, and denies that she has any basis for doing and further reserves its rights with regard to any such amendment.

## RESPONSE TO PARTIES

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint, but states that Plaintiff commenced employment with Xerox in 1986.

7. Admits the allegations in paragraph 7 of the Complaint.

## RESPONSE TO FACTUAL ALLEGATIONS

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiff commenced employment with Xerox in 1986.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiff at times was employed as a manager.

10. Denies the allegations contained in paragraph 10 of the Complaint.

Case 6:09-cv-06019-CJS-JWF   Document 3   Filed 03/23/09   Page 3 of 9

- 3 -

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint, and states that Plaintiff commenced a disability leave commencing on July 17, 2007 and returned to work on November 26, 2007.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint, and denies any characterization of any statement attributed to Dick Manca that suggests that Mr. Manca or others intended to "get [Plaintiff] out of" Xerox.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint, except admits that Plaintiff's affidavit in support of her EEOC charge is dated March 28, 2008, and refers to that document for its content.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint, and states that Plaintiff was investigated for inappropriate use of Defendant's electronic system.

31. Denies the allegations contained in paragraph 31 of the Complaint, including any implication therein that any remedial action was required.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint, except admits that on or about September 8, 2008, a manager provided Plaintiff with a written "Complaint Resolution," refers to that document for its content, admits that any complaints Plaintiff made were quickly and thoroughly investigated, and states that Plaintiff was disciplined for violating Xerox's Information Management policy IM 003, "Appropriate Use of Electronic Information Systems."

35. Denies the allegations contained in paragraph 35 of the Complaint, except admits that Plaintiff's affidavit in support of her amended EEOC charge is dated September 23, 2008, and refers to that document for its content.

36. Denies the allegations contained in paragraph 36 of the Complaint, including any implication therein that any remedial action was required.

37. Denies the allegations contained in paragraph 37 of the Complaint, except admits that Plaintiff's last day of employment with Xerox was December 1, 2008.

## RESPONSE TO FIRST CAUSE OF ACTION
### (Discrimination in Employment under Title VII)

38. In response to paragraph 38 of the Complaint, repeats and realleges and incorporates by reference its responses to the allegations in the above paragraphs as if they were fully set forth herein.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint and further denies that any sexual harassment occurred.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint, except admits that Plaintiff requests an award of attorney fees, but denies that she is entitled to such an award.

47. Denies the allegations contained in paragraph 47 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION
### (Sexual Harassment under New York State Executive Law)

48. In response to paragraph 48 of the Complaint, repeats and realleges and incorporates by reference its responses to the allegations in the above paragraphs as if they were fully set forth herein.

49. In response to the allegations contained in paragraph 49 of the Complaint, denies the allegations contained in the first sentence, and neither admits nor denies the remaining allegations, because they are legal conclusions to which a response is not required.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint and further denies that any sexual harassment occurred.

55. Denies the allegations contained in paragraph 55 of the Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION
**(Retaliation under Title VII)**

56. In response to paragraph 56 of the Complaint, repeats and realleges and incorporates by reference its responses to the allegations in the above paragraphs as if they were fully set forth herein.

57. Denies the allegations contained in paragraph 57 of the Complaint to the extent that they allege that Xerox engaged in a pattern of illegal retaliation. The remaining allegations in paragraph 57 of the Complaint refer to and incorporate allegations contained in paragraphs 1 through 56 of the Complaint. Accordingly, Xerox repeats and incorporates its responses to paragraphs 1 through 56 of the Complaint as if they were fully set forth herein, and denies any remaining allegations.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint, except admits that Plaintiff requests an award of attorney fees, but denies that she is entitled to such an award.

60. Denies the allegations contained in paragraph 60 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION
### (Retaliation under New York State Human Rights Law, Executive Law Section 290 *et seq.*)

61. In response to paragraph 61 of the Complaint, repeats and realleges and incorporates by reference its responses to the allegations in the above paragraphs as if they were fully set forth herein.

62. Denies the allegations contained in paragraph 62 of the Complaint to the extent that they allege that Xerox engaged in a pattern of illegal retaliation. The remaining allegations in paragraph 62 of the Complaint refer to and incorporate allegations contained in paragraphs 1 through 61 of the Complaint. Accordingly, Xerox repeats and incorporates its responses to paragraphs 1 through 61 of the Complaint as if they were fully set forth herein, and denies any remaining allegations.

63. Denies the allegations contained in paragraph 63 of the Complaint and denies that Plaintiff is entitled to any damages.

## RESPONSE TO DEMAND FOR RELIEF

Admits that the paragraph immediately following paragraph 63 of the Complaint and commencing with the word "WHEREFORE" purports to demand judgment in Plaintiff's favor, but denies that Plaintiff is entitled to any judgment in her favor or any other relief.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because she has failed to plead fraud properly or with particularity.

**AS AND FOR A THIRD DEFENSE**

The claims are barred, in whole or in part, by the applicable periods of limitations.

**AS AND FOR A FOURTH DEFENSE**

Plaintiff is not entitled to any damages or any other relief, because at no time did Xerox engage in discriminatory or retaliatory conduct.

**AS AND FOR A FIFTH DEFENSE**

Plaintiff is not entitled to punitive damages or attorney's fees with respect to her claims under the New York State Human Rights Law.

**AS AND FOR A SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the New York Workers Compensation Law.

**AS AND FOR A SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

**AS AND FOR AN EIGHTH DEFENSE**

Xerox's conduct with regard to Plaintiff was at all times legitimate and non-discriminatory.

**AS AND FOR A NINTH DEFENSE**

Plaintiff's claims must be dismissed because Xerox exercised reasonable care to prevent and to promptly correct any alleged harassment, discriminatory conduct or retaliation in its workplace.

**AS AND FOR A TENTH DEFENSE**

Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Xerox, or to avoid any alleged harm otherwise.

## AS AND FOR AN ELEVENTH DEFENSE

Xerox did not aid, abet, ratify, condone, encourage or acquiesce in any alleged harassing, discriminatory or retaliatory conduct.

## AS AND FOR A TWELFTH DEFENSE

Plaintiff's claims for relief are barred to the extent that Plaintiff failed to mitigate any alleged damages.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles of waiver, estoppel and the unclean hands doctrine.

## AS AND FOR A FOURTEENTH DEFENSE

Any harm alleged by Plaintiff was caused in whole or in part by her own conduct.

**WHEREFORE**, Xerox demands judgment dismissing the Complaint in its entirety, with prejudice, together with an award of the costs and disbursements of this action, including its reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:   March 23, 2008                    **NIXON PEABODY LLP**

By:   /s/Margaret A. Clemens
     Margaret A. Clemens

1100 Clinton Square
Rochester, New York 14604-1792
(585) 263-1000
mclemens@nixonpeabody.com

Attorneys for Defendant

TO:   Christina A. Agola, Esq.
     28 East Main Street, Suite 2100
     Rochester, New York 14614
     (585) 262-3320 (fax 3325)
     caaesq@rochester.rr.com