**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JULIE ANGELONE,

Plaintiff,

-vs-

XEROX CORPORATION,

Defendant.

DECISION AND ORDER

09-CV-6019-CJS

**APPEARANCES**

For Plaintiff: Earl Thomas Hall, Esq.
720 East Avenue
Rochester, NY 14607
(585) 244-8743

For Defendant: Margaret A. Clemens, Esq.
Littler Mendelson, P.C.
400 Linden Oaks, Suite 110
Rochester, NY 14625
(585) 203-3400

**INTRODUCTION**

**Siragusa, J.** Now before the Court is Plaintiff's application for this Court to reconsider a pretrial ruling by United States Magistrate Judge Jonathan W. Feldman. Decision and Order, ECF No. 62. Julie Angelone ("Plaintiff") argues that Judge Feldman erred by refusing to reconsider his earlier decision, ECF No. 58, denying Plaintiff's motion to compel discovery of certain documents claimed as privileged by Xerox Corporation ("Defendant"). As discussed below, the Court determines that Plaintiff has not shown that Judge Feldman's Decision and Order was clearly erroneous or contrary to law.

## BACKGROUND

Plaintiff seeks an order to compel Defendant to produce approximately 100 documents from Defendant's privilege log. Judge Feldman ordered the production of the first six documents in the log, but reserved production on the remaining documents. Judge Feldman cautioned Defendant that,

> should any of these post-PVIR documents be referred to or relied on by Xerox at trial in arguing to the Court or the jury that it exercised reasonable care to prevent or correct harassing or discriminatory behavior or that Angelone failed to take advantage of preventive or corrective opportunities provided by Xerox, then Xerox's invocation of work product or attorney-client protections is invalid and the documents must be immediately produced.

Decision and Order, at 8, Sept. 26, 2011, ECF No. 48.

The *Faragher/Ellerth* defense protects an employer from liability for discrimination or sexual harassment when no tangible employment action is taken against an employee. *See Zakrzewska v. New School*, 574 F.3d 24, 26 (2d Cir. 2009). The defense requires that the employer show it exercised reasonable care to prevent and correct promptly any discriminatory or sexually harassing behavior and that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid harm. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). After *in camera* review, Judge Feldman found that Defendant was not relying on the documents at issue for its affirmative defense.

However, Plaintiff argues that by asserting the *Faragher/Ellerth* defense, Defendant waived both attorney-client privilege and work product protections for *all* documents in its privilege log. Plaintiff also argues that by failing to timely produce the log, Defendant

waived all claims to attorney-client privilege or work product protections. In response, Defendant contends that Plaintiff misinterprets the waiver requirements of the *Faragher/Ellerth* defense and that once the documents are prepared in anticipation of litigation, such as for Plaintiff's Equal Employment Opportunity Commission ("EEOC") claims, those documents are privileged. In addition, Defendant argues that there were extenuating circumstances for the delayed filing of the privilege log and that there was no flagrant violation of discovery rules.

## STANDARDS OF LAW

### *Review of Magistrate Judge's Decision and Order*

Plaintiff's Notice of Motion, Dec. 5, 2011, ECF No. 63, seeks the following relief:

> An Order pursuant to pursuant to 28 U.S.C. 636 (c), and Local Rule 72(a) of the Rules of this Court, compelling production of certain documents as described in the attached Memorandum of Law, extension of the fact discovery period as appropriate after review of the newly disclosed documents and the opportunity to depose relevant witnesses based on any newly acquired information resulting from this Motion to Compel, together with such relief as the Court deems just and proper.

Section 636(c) applies when civil litigants have consented to full jurisdiction before the Magistrate Judge, a situation not applicable here. Instead, the Court will review Judge Feldman's Decision and Order to determine whether it is, "cearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Plaintiff also cites to Western District of New York Local Rule of Civil Procedure 72, which provides in pertinent part as follows:

> a) Nondispositive Matters. All orders of the Magistrate Judge authorized by 28 U.S.C. § 636(b)(1)(A) shall be final unless a party timely files written objections. The specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections.…

> (c) Certification. Any party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge.

W.D.N.Y. Loc. R. Civ. P. 72(a( & (c) (2012).

***Attorney-Client Privilege***

> The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice. *See In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). The privilege's underlying purpose has long been "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). In order to balance this protection of confidentiality with the competing value of public disclosure, however, courts "apply [the privilege] 'only where necessary to achieve its purpose'" and "construe the privilege narrowly because it renders relevant information undiscoverable." *In re County of Erie*, 473 F.3d at 418 (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The party asserting the privilege, in this case Rodriguez, bears the burden of establishing its essential elements. *See von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987).

*United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). A litigant may waive the privilege, "by putting the protected information at issue by making it relevant to the case." *Pray v. The New York City Ballet*, No. 96 Civ. 5723 (RLC), 1998 U.S. Dist. LEXIS 2010, *4–*5 (S.D.N.Y. Feb. 13, 1998) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

***Work Product Doctrine***

The attorney work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas*, 318 F.3d 379, 383 (2d Cir. 2003).

> There are two types of work product, ordinary or fact (herein "fact") and opinion. As we have stated previously, fact work product may encompass factual material, including the result of a factual investigation.… In contrast, opinion work product reveals the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative," and is entitled to greater protection than fact work product. *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998) (quoting Fed. R. Civ. P. 26(b)(3)). To be entitled to protection for opinion work product, the party asserting the privilege must show "a real, rather than speculative, concern" that the work product will reveal counsel's thought processes "in relation to pending or anticipated litigation." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d at 386 (quoting *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676, 680 (2d Cir. 1987)).

*In re Grand Jury Subpoena*, 510 F.3d 180, 183–84 (2d Cir. 2007) (some citations omitted).

## ANALYSIS

### *Faragher/Ellerth Defense*

As described above, the *Faragher/Ellerth* defense requires the employer to have exercised reasonable care to prevent and correct promptly any discriminatory or sexually harassing behavior. In order to determine whether such care was actually taken, the employer waives any work product protection or attorney-client privilege with respect to investigations of employee's claim. *See Walker v. County of Contra Costa*, 227 F.R.D. 529, 535 (N.D. Cal. 2005). However, as Judge Feldman notes, only six documents listed in the privilege log relate to the investigation of Plaintiff's internal complaint. The remaining documents relate to the investigation of Plaintiff's EEOC claims. Contrary to Plaintiff's argument, the proof before Judge Feldman did not show that those documents were part of Defendant's *Faragher/Ellerth* defense. Instead, Judge Feldman determined that the remainder of the documents on Defendants' privilege log related to its defense against Plaintiff's EEOC complaint. The Court's review of the legal precedent reveals that once the investigation shifted to defending against Plaintiff's EEOC claims, the resulting documents

became privileged. *See Prince v. Madison Square Garden, L.P.*, 240 F.R.D. 126, 128 (S.D.N.Y. 2007) (stating that at some point, the purpose and focus of the investigation had to have shifted from an internal investigation in response to plaintiffs' claims to an investigation for the purpose of mounting a legal defense against any such claims); *see Geller v. North Shore Long Island Jewish Health* System, No. CV 10-170 (ADS) (ETB), 2011 WL 5507572, *4, 2011 U.S. Dist. LEXIS 129751, *10 (E.D.N.Y. Nov. 9, 2011) (stating that "[o]nce that shift in the investigation occurred ... the documents generated during the investigation became privileged"). Only if Defendant relies on those documents for its *Faragher/Ellerth* defense will the privilege be waived. Further, the Court is not persuaded by Plaintiff's argument that legal counsel conducted the investigation. One of the Defendant's employees who investigated Plaintiff's allegations was JoAnn Howard, who testified in part as follows: "With an investigation, it is my role to consult with our attorney to verify whether or not discrimination has occurred in any form or fashion. It is not my responsibility. My responsibility would have been to gather the facts and present them to our attorney for review." Howard Dep. 75:4–9.

Judge Feldman's *in camera* review of the documents listed in Defendant's privilege log led him to conclude that,

> Dozens of documents were submitted by Xerox for in camera review. As to many of them, it is difficult for the Court to determine what role, if any, the document had in Xerox's internal investigation of Angelone's complaints. The first six documents listed on Xerox's privilege log refer or relate to Xerox's internal investigation of Angelone's complaints and were all prepared before the PVIR was issued. Based on the limited waiver inherent upon assertion of a *Faragher-Ellerth* defense, the Court finds them to be clearly discoverable. [Begin Footnote 1:] The first two documents appear to be handwritten notes summarizing facts discovered during the investigation and only work product protection is claimed on Xerox's privilege log. The next four documents also appear to be notes regarding the PVIR investigation, as well

> as emails transmitting drafts of the PVIR report. As to these documents, Xerox claims both attorney-client and work product protections on its privilege log, although no legal advice or litigation strategy is apparent from the Court's in camera inspection. [End Footnote 1.]
>
> As to the remaining documents submitted by Xerox, they appear to be documents created after the PVIR was issued, and indeed, most of them were prepared after Angelone filed her first discrimination complaint with the EEOC. Assuming Xerox's *Faragher-Ellerth* defense will not refer to or rely on these post-PVIR documents or the adequacy of any post-PVIR investigation, I find that Xerox has not waived either the attorney-client privilege or the work product protection afforded to the documents.

Decision and Order, at 7–8, Sept. 26, 2011, ECF No. 48.

This is not a case of a defendant attempting to use privilege as both a sword and shield. Here, Defendant agrees that any documents used for its *Faragher/Ellerth* defense will no longer be privileged. *See Geller*, 2011 WL at *4 (stating that defendants' counsel has affirmatively represented to the Court that defendants have no intention of "using the investigation to avoid liability.") Accordingly, the Court finds that Defendant's assertion of the *Faragher/Ellerth* defense does not waive privilege for the remaining documents listed in the privilege log.

***Timeliness of Privilege Log Production***

Plaintiff also argues that Defendant failed to timely produce its privilege log and therefore, all claims to attorney-client privilege and work product protections are waived. The Court finds that Defendant's delay, given the circumstances, was not a flagrant violation of the discovery rules nor did it result in any prejudice to Plaintiff.[1]

---

[1]The Court recognizes a divide in the courts between interpreting the discovery rules in a strict fashion or deciding to take additional factors into consideration. *See RMED Int'l v. Sloan's Supermarkets*, No. 94 Civ. 5587 (PKL/RLE), 2003 WL 41996 *3 (S.D.N.Y. 2003) (collecting cases). In this Court's opinion, the more reasoned approach is to consider additional factors.

Withholding privileged materials without including the material in a privilege log may result in a finding that the privilege has been waived. *See Chase Manhattan Bank, N.A., v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992); *see also Carpenter v. Churchville Greene Homeowner's Association, et al.*, No. 09 CV 6552T, 2011 WL 4711961 *12 (W.D.N.Y. Sept. 29, 2011). It has been observed that only "flagrant" violations of these rules should result in a waiver of privilege. *See Grand River Enterprises Six Nations, LTD., v. King*, No. 02 CV 5068 (JFK), 2009 WL 63461 *3 (S.D.N.Y. Jan. 12, 2009). "Whether waiver is warranted depends on such factors as the length of the delay, the willfulness of the transgression, and the harm to other parties." *Dey, L.P., et al., v. Sepracor, Inc.*, No. 07 CV 2353 (JGK/RLE), 2010 WL 5094406 *2 (S.D.N.Y. Dec. 8, 2010).

After reviewing the facts and circumstances of this case, the Court does not find the delay in production of the privilege log to be a "flagrant" violation of discovery rules. The Court takes into consideration the history in this case between Defendant's counsel and Plaintiff's former counsel and the lack of evidence that Plaintiff suffered any prejudice. Accordingly, the Court finds that no privilege was waived by the delay.

## CONCLUSION

For the reasons stated above, Plaintiff's application to reconsider Judge Feldman's Decision and Order, Sept. 26, 2011, ECF No. 48, is denied.

IT IS SO ORDERED.

Dated:   February 17, 2012
        Rochester, New York

        ENTER:        /s/ Charles J. Siragusa
                          CHARLES J. SIRAGUSA
                          United States District Judge